**Order entered July 31, 2014**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-14-00723-CV

### IN THE INTEREST OF M.N.M., A CHILD

**On Appeal from the County Court At Law**
**Kaufman County, Texas**
**Trial Court Cause No. 87539-CC**

## ORDER

Before the Court are two motions of Official Court Reporter Scott Smith: (1) a June 11, 2014 "Motion Request for an Extension of Time for Filing of the Court Report[er]'s Record" and (2) a June 18, 2014 "Supplemental Motion Request for an Extension of Time for Filing of the Court Report[er]'s Record." The appeal in this case is accelerated pursuant to Texas Rule of Appellate Procedure 28.4. *See* TEX. R. APP. P. 28.4; *see also* TEX. R. JUD. ADMIN. 6.2(a) (requiring disposition of appeal from judgment terminating parental rights within 180 days of date notice of appeal is filed). Smith stated in his motions that the court reporter's record (1) was originally due on June 14, 2014, and (2) will consist of "approximately 2000 pages." Smith requested a thirty-day extension "from the date of July 1st, 2014," which at the time of Smith's motions was the scheduled date for a trial court hearing on appellant's indigency.

In an order dated June 19, 2014, this Court deferred ruling on the extension requested by Smith because, at that time, appellant had not requested preparation of the reporter's record and

appellant's indigency status was pending. A July 2, 2014 supplemental clerk's record filed in this Court shows appellant made a written request for preparation of a "free" reporter's record on June 24, 2014. Additionally, a reporter's record of a July 28, 2014 indigency hearing in the trial court was filed in this Court on July 29, 2014. That record shows that at the conclusion of the July 28, 2014 hearing, the trial court rendered its decision that "[appellant] is indigent and by virtue of that indigency, the court cost, does not have to be paid by [appellant]."

"If a party establishes indigence, the trial court clerk and the court reporter must prepare the appellate record without prepayment." TEX. R. APP. P. 20.1(k); *see also* TEX. R. APP. P. 20.1(n) (defining "costs" to include "the charges for preparing the appellate record"); TEX. R. APP. P. 35.3(b) (responsibility for filing reporter's record). Further, this Court may grant extensions of time to file the reporter's record that "must not exceed 30 days cumulatively, absent extraordinary circumstances." *See* TEX. R. APP. P. 28.4(b)(2). Based on the accelerated nature of this appeal and the challenge to appellant's indigency in the trial court, we conclude this case presents "extraordinary circumstances" respecting an extension of time for filing the reporter's record. *See* TEX. R. APP. P. 28.4(b)(2).

We hereby **GRANT** Smith an extension of time for filing the reporter's record to August 18, 2014. We **ORDER** that the reporter's record be filed in this Court no later than August 18, 2014.


/s/      DOUGLAS S. LANG
         JUSTICE